**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA BELL | ) | CASE NO. |
| 325 W 8th Street | ) | |
| Marysville, Ohio 43040 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| WORTHINGTON CITY SCHOOLS | ) | |
| 200 East Wilson Bridge Road | ) | **JURY DEMAND ENDORSED** |
| Worthington, Ohio 43085, | ) | **HEREIN** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Brenda Bell, by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

## PARTIES, VENUE, & JURISDICTION

1. Bell is a resident of the city of Marysville, Union County, Ohio.

2. At all times herein, Bell was acting in the course and scope of her employment.

3. Worthington City Schools ("District") is a public school district in Worthington, Ohio.

4. District is an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Bell is alleging a

   Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101

   *et seq.* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over Bell's state law claims pursuant to 28 U.S.C. §

   1367 as Bell's state law claims are so closely related to her federal law claims that they form

   part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Bell filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2019-00863 against District, alleging discrimination and retaliation in violation of ADA ("Bell EEOC Charge").

10. On or about August 20, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Bell regarding the Bell EEOC Charge.

11. Bell received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Bell has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Bell has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Bell is a former employee of District.

15. In or about August 2003, Bell began working for District.

16. District employed Bell as an intervention specialist, reading intervention teacher, and kindergarten teacher.

17. At all times herein, Bell was qualified for the positions.

18. At all times herein, Bell was able to perform the essential functions of her job, with or without accommodation.

19. Bell has osteoarthritis, scoliosis, and fibromyalgia ("Bell's Conditions").

20. Bell has one or more physical and/or mental impairments that significantly limit her in one or more major life activities.

21. Bell has a record of physical and/or mental impairment.

22. Because of Bell's Conditions, District perceived Bell as disabled.

23. Bell is disabled within the meaning of R.C. § 4112.01 *et seq.*

24. Bell is disabled within the meaning of ADA.

25. In or about March 2017, Bell informed human resources ("HR") representative Diane Shadi about Bell's Conditions.

26. In or about March 2017, Bell had a hip replacement surgery.

27. In or about March 2017, Bell submitted a request to Shadi for FMLA leave ("FMLA Request").

28. District approved Bell's FMLA Request through the end of the 2016-2017 school year.

29. In or about August 2017, Bell returned to work.

30. In or about August 2017, Bell requested disability accommodations from her building's principal, Asia Armstrong ("2017 Accommodation Request").

31. In the 2017 Accommodation Request, Bell requested to have a classroom aide to help her hang and take down materials in her classroom.

32. In the 2017 Accommodation Request, Bell requested to have a three-step ladder in her classroom closet in case she needed to reach items for children.

33. Prior to March 2017, Bell was assigned the task of monitoring students at lunch ("Lunch Duty").

34. In the 2017 Accommodation Request, Bell requested to be permitted to monitor students at recess ("Recess Duty") instead of Lunch Duty.

35. Bell was able to remain seated for most of the time while performing Recess Duty.

36. Lunch Duty required Bell to squat and to move between closely-spaced tables.

37. Lunch Duty aggravated Bell's Conditions.

38. In or about August 2017, District granted the 2017 Accommodation Request.

39. The accommodations in the 2017 Accommodation Request were reasonable.

40. District was able to grant the accommodations in the 2017 Accommodation Request.

41. In or about July 2018, District hired Jen Young as Bell's new school principal.

42. On or about August 3, 2018, Bell submitted a request to Shadi for disability accommodations ("2018 Accommodation Request").

43. In the 2018 Accommodation Request, Bell requested to work on Recess Duty.

44. In the 2018 Accommodation Request, Bell requested not to work on Lunch Duty.

45. In the 2018 Accommodation Request, Bell requested to have a classroom aide to help her hang and take down materials in her classroom.

46. In the 2018 Accommodation Request, Bell requested to have a three-step ladder in her classroom closet in case she needed to reach items for children.

47. The accommodations in the 2018 Accommodation Request were reasonable.

48. District was able to grant the accommodations in the 2018 Accommodation Request.

49. To support the 2018 Accommodation Request, Bell presented District with a report by her physical therapist.

50. On or about August 8, 2018, Bell emailed Young to notify her about the 2018 Accommodation Request.

51. Young replied to Bell that Bell needed to work on Lunch Duty.

52. Young replied to Bell that Bell needed to send an email to the rest of the staff to make sure they did not object to keeping a three-step ladder in her classroom.

53. Bell told Young that she was not comfortable that Young was telling her to disclose her disabilities to the entire staff ("First Discrimination Complaint").

54. On or about August 21, 2018, Shadi emailed Bell ("August 21 Email").

55. In the August 21 Email, Shadi told Bell that District was rejecting the 2018 Accommodation Request.

56. In the August 21 Email, Shadi told Bell that a letter from her physical therapist was not sufficient documentation for District to grant the 2018 Accommodation Request.

57. On or about August 21, 2018, Bell reported the August 21 Email to the president of her teachers' union, Brian Morgan ("Second Discrimination Complaint").

58. On or about August 28, 2018, Bell's doctor, Dr. Jeffrey E. Moore, sent a note to District via fax ("Doctor's Note").

59. On or about August 28, 2018, District received the Doctor's Note.

60. In the Doctor's Note, Dr. Moore wrote, "Ms. Brenda Bell suffers from diagnoses of osteoarthritis, history of left hip replacement, scoliosis, and fibromyalgia. These conditions substantially limit her life activity [sic] of walking, standing, lifting and bending."

61. In the Doctor's Note, Dr. Moore wrote, "As a result, Ms. Bell seeks accommodations from her employer to enable her to perform and to maintain her health."

62. In the Doctor's Note, Dr. Moore wrote that he concurred with the 2018 Accommodation Request.

63. On or about August 28, 2018, Bell requested disability accommodations.

64. On or about August 28, 2018, District was aware of Bell's Conditions.

65. District did not grant the 2018 Accommodation Request.

66. On or about August 30, 2018, Bell told Morgan via email that she believed she was experiencing a "hostile work environment" due to her disability ("Third Discrimination Complaint").

67. On or about September 7, 2018, Bell told Young that she wanted a union representative to be present any time she met with Young because of the discrimination she was facing ("Fourth Discrimination Complaint").

68. Hereinafter, the First Discrimination Complaint, the Second Discrimination Complaint, the Third Discrimination Complaint, and the Fourth Discrimination Complaint are collectively called the "Discrimination Complaints."

69. Bell opposed disability discrimination.

70. On or about September 12, 2018, Jeff Maddox presented Bell with a "Last Chance Agreement."

71. Maddox was District's Director of Certified Personnel.

72. The Last Chance Agreement required Bell to "behave as a professional at all times and to serve as a positive role model to both students and adults."

73. The Last Chance Agreement provided that Bell's employment would be terminated if Bell did not "behave as a professional at all times and to serve as a positive role model to both students and adults."

74. The Last Chance Agreement was an adverse employment action.

75. The Last Chance Agreement was an adverse action.

76. District gave Bell the Last Chance Agreement intentionally.

77. District gave Bell the Last Chance Agreement willfully.

78. District gave Bell the Last Chance Agreement because of her disability.

79. District gave Bell the Last Chance Agreement because of her perceived disability.

80. District gave Bell the Last Chance Agreement because she requested a disability accommodation.

6

81. District gave Bell the Last Chance Agreement because of her Discrimination Complaints.

82. District gave Bell the Last Chance Agreement because of her opposition to disability discrimination.

83. On or about September 24, 2018, Bell met with Maddox and Shadi ("Final Meeting").

84. In the Final Meeting, Maddox and Shadi informed Bell that District rejected the 2018 Accommodation Request.

85. District did not provide any alternative accommodations.

86. District did not engage in the interactive process to find a reasonable accommodation for Bell's Conditions.

87. On or about September 27, 2018, District terminated Bell's employment ("Termination").

88. The Termination was an adverse employment action.

89. The Termination was an adverse action.

90. On or about September 27, 2018, District alleged that the reason for the Termination was that Bell was late to work ("Termination Excuse").

91. The Termination Excuse was not the actual reason for the Termination.

92. The Termination Excuse was not a sufficient basis to justify the Termination.

93. The Termination Excuse was pretextual.

94. The Termination was an adverse action.

95. The Termination was an adverse employment action.

96. District has a progressive disciplinary policy.

97. District skipped progressive disciplinary steps in terminating Bell.

98. District knowingly skipped progressive disciplinary steps in terminating Bell.

99.  District knowingly terminated Bell's employment.

100. District knowingly took an adverse employment action against Bell.

101. District knowingly took an adverse action against Bell.

102. District intentionally skipped progressive disciplinary steps in terminating Bell.

103. District intentionally terminated Bell's employment.

104. District intentionally took an adverse employment action against Bell.

105. District intentionally took an adverse action against Bell.

106. District knew that skipping progressive disciplinary steps in terminating Bell would cause Bell harm, including economic harm.

107. District knew that terminating Bell would cause Bell harm, including economic harm.

108. District willfully skipped progressive disciplinary steps in terminating Bell.

109. District willfully terminated Bell's employment.

110. District willfully took an adverse employment action against Bell.

111. District willfully took an adverse action against Bell.

112. On or about September 27, 2018, District terminated Bell's employment because of her disability.

113. On or about September 27, 2018, District terminated Bell's employment because of her perceived disability.

114. On or about September 27, 2018, District terminated Bell's employment because of her Discrimination Complaints.

115. On or about September 27, 2018, District terminated Bell's employment because of her opposition to discrimination.

116. As a direct and proximate result of Defendant's conduct, Bell suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

117. Bell restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

118. Bell has one or more physical and/or mental impairments that significantly limit her in one or more major life activities.

119. Bell has a record of physical and/or mental impairment.

120. Because of Bell's Conditions, District perceived Bell as disabled.

121. Bell is disabled within the meaning of ADA.

122. District treated Bell differently than other similarly-situated employees based on her disabling condition.

123. District treated Bell differently than other similarly-situated employees based on her perceived disabling condition.

124. On or about September 27, 2018, District terminated Bell's employment without just cause.

125. District terminated Bell's employment based on her disability.

126. District terminated Bell's employment based on her perceived disability.

127. District violated ADA when they discharged Bell based on her disability.

128. District violated ADA when they discharged Bell based on her perceived disability.

129. District violated ADA by discriminating against Bell based on her disabling condition.

130. District violated ADA by discriminating against Bell based on her perceived disabling condition.

131. Bell informed District of her disabling condition.

132. Bell requested accommodations from District to assist with her disabilities.

133. Bell's requested accommodations were reasonable.

9

134. There was an accommodation available that would have been effective and would have not posed an undue hardship to District.

135. District failed to engage in the interactive process of determining whether Bell needed an accommodation.

136. District failed to provide an accommodation.

137. District violated ADA by failing to provide an accommodation.

138. As a direct and proximate result of District's conduct, Bell suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

139. As a direct and proximate result of District's conduct, Bell suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

140. Bell restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

141. Bell has one or more physical and/or mental impairments that significantly limit her in one or more major life activities.

142. Bell has a record of physical and/or mental impairment.

143. Because of Bell's Conditions, District perceived Bell as disabled.

144. Bell is disabled within the meaning of R.C. § 4112.01 *et seq.*

145. District treated Bell differently than other similarly-situated employees based on her disabling condition.

146. District treated Bell differently than other similarly-situated employees based on her perceived disabling condition.

147. On or about September 27, 2018, District terminated Bell's employment without just cause.

148. District terminated Bell's employment based on her disability.

149. District terminated Bell's employment based on her perceived disability.

150. District violated R.C. § 4112.02 when they discharged Bell based on her disability.

151. District violated R.C. § 4112.02 when they discharged Bell based on her perceived disability.

152. District violated R.C. § 4112.02 by discriminating against Bell based on her disabling condition.

153. District violated R.C. § 4112.02 by discriminating against Bell based on her perceived disabling condition.

154. Bell informed District of her disabling condition.

155. Bell requested accommodations for her disability.

156. Bell's requested accommodations were reasonable.

157. There was an accommodation available that would have been effective and would have not posed an undue hardship to District.

158. District failed to engage in the interactive process of determining whether Bell needed an accommodation.

159. District failed to provide an accommodation.

160. District violated R.C. § 4112.02 by failing to provide Bell a reasonable accommodation.

161. As a direct and proximate result of District's conduct, Bell suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III:  RETALIATORY DISCRIMINATION IN VIOLATION OF ADA

162. Bell restates each and every prior paragraph of this complaint, as if it were fully restated herein.

163. As a result of District's discriminatory conduct described above, Bell complained about the discrimination she was experiencing.

164. Subsequent to Bell's reporting of discrimination, District gave her the Last Chance Agreement.

165. Subsequent to Bell's reporting of discrimination, District terminated Bell's employment.

166. District's actions were retaliatory in nature based on Bell's opposition to the unlawful discriminatory conduct.

167. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for opposing unlawful discrimination.

168. As a direct and proximate result of District's retaliatory discrimination against and termination of Bell, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV:  RETALIATORY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

169. Bell restates each and every prior paragraph of this complaint, as if it were fully restated herein.

170. As a result of District's discriminatory conduct described above, Bell complained about the discrimination she was experiencing.

171. Subsequent to Bell's reporting of discrimination, District gave her the Last Chance Agreement.

172. Subsequent to Bell's reporting discrimination, District terminated Bell's employment.

173. District's actions were retaliatory in nature based on Bell's opposition to the unlawful discriminatory conduct.

174. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

175. As a direct and proximate result of District's retaliatory discrimination against and termination of Bell, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Brenda Bell respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring District retroactively to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against District of compensatory and monetary damages to compensate Bell for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against District in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Bell's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Paul Filippelli_____
Trisha M. Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Brenda Bell*

## JURY DEMAND

Plaintiff Brenda Bell demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli_____*
Trisha M. Breedlove (0095852)
Paul Filippelli (0097085)

14